**SUTTON WOODWORKING MACHINE CO. v. DKLS, INC.**

[113 N.C. App. 649 (1994)]

SUTTON WOODWORKING MACHINE COMPANY, PLAINTIFF v. DKLS, INC. (FORMERLY BUSS AUTOMATION, INC.), DAMSMITH CORPORATION, AND U.S. NATURAL RESOURCES, INC., DEFENDANTS

No. 9318SC295

(Filed 15 February 1994)

**Fraudulent Conveyances § 39 (NCI3d) — bulk transfer — exempt status — transferor required to be in default**

A sale of a corporation's inventory and equipment was not exempt from the notice to creditors requirement of the bulk transfer laws because all of the proceeds were remitted to a bank which held a security interest in the corporation's assets where the transferor was not in default on the bank obligation, since a common requirement for N.C.G.S. § 25-6-102(3) to exempt a transfer from the bulk transfer laws is that the transferor must be in default.

**Am Jur 2d, Fraudulent Conveyances §§ 267-270.**

Appeal by plaintiff from judgment entered 31 December 1992 by Judge Lester P. Martin, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 13 January 1994.

Prior to this lawsuit, defendant DKLS Inc. was a corporation engaged in manufacturing and selling computerized wood handling equipment. It was one of several subsidiaries owned by defendant Damsmith Corporation (Damsmith), a holding company. Damsmith had no employees and no function other than to purchase various subsidiaries and acquire funds from a lender by using the subsidiaries' combined assets as collateral. NCNB National Bank (NCNB) regularly advanced money to Damsmith to cover expenses incurred by the subsidiaries. This arrangement was treated as one loan, and although Damsmith was the only obligor on the loan, NCNB was granted a security interest in all of the subsidiaries' assets, including DKLS's.

In February 1991, defendant U.S. Natural Resources purchased a major part of DKLS's inventory, after which DKLS ceased doing business. Plaintiff was one of DKLS's creditors at the time. Plaintiff brought this action to have the sale of DKLS's assets declared ineffective, claiming that no notice of the sale was given to creditors as required by Chapter 25, Article 6 of the General Statutes govern-

ing bulk transfers. Defendants moved for summary judgment, arguing that this transaction was exempt from the notice requirement. The trial judge decided in favor of defendants and entered judgment accordingly. From this judgment plaintiff appeals.

*Brooks, Pierce, McLendon, Humphrey & Leonard, by Mack Sperling, for plaintiff appellant.*

*Staton, Perkinson, Doster, Post, Silverman and Adcock, by Ronald L. Perkinson and Diane W. Stevens, for defendant appellees.*

ARNOLD, Chief Judge.

This dispute concerns the applicability of the bulk transfer provisions in Article 6 of the Uniform Commercial Code. A bulk transfer is "any transfer in bulk and not in the ordinary course of the transferor's business of a major part of the materials, supplies, merchandise or other inventory . . . of an enterprise subject to [Article 6]." N.C. Gen. Stat. § 25-6-102(1) (1986). A transfer of a substantial part of an enterprise's equipment is also a bulk transfer if the equipment is sold in connection with a bulk transfer of inventory. G.S. § 25-6-102(2). A business is subject to Article 6 if its principal business is the sale of merchandise from stock. This includes businesses that manufacture what they sell. G.S. § 25-6-102(3).

A bulk transfer subject to Article 6 must be conducted according to the requirements of that article, which imposes certain obligations on the transferee and transferor. The transferee must demand, and the transferor must provide, a list of the transferor's creditors and any persons who are known to assert claims against the transferor. G.S. § 25-6-104(1)-(2). The transferee must preserve the list and make it available to any of the transferor's creditors. The parties must also prepare a schedule of the property transferred. G.S. § 25-6-104(1). In addition, the transferee must give notice of the sale to creditors at least ten days before the transferee takes possession of or pays for the goods. G.S. § 25-6-105. A bulk transfer is ineffective against the transferor's creditors unless the parties involved in the transfer observe each of these requirements. G.S. § 25-6-104 to -105.

There are, however, certain exemptions from Article 6. At issue here is the exemption in G.S. § 25-6-103(3) which provides that "[t]ransfers in settlement or realization of a lien or other

SUTTON WOODWORKING MACHINE CO. v. DKLS, INC.

[113 N.C. App. 649 (1994)]

security interest" are not subject to Article 6. The parties do not dispute that DKLS was an enterprise subject to Article 6, or that the sale of inventory and equipment constituted a bulk transfer. The question is whether or not this transfer was exempt from the Article 6 notice requirement because all of the proceeds were remitted to NCNB, which held a security interest in all of DKLS's assets.

Plaintiff argues that 25-6-103(3) does not exempt this transfer because there was no default on the NCNB obligation. We agree. The consensus appears to be that under the Uniform Commercial Code default is a prerequisite for settlement or realization of a security interest:

> Transfers in settlement refer to a secured party's election to accept collateral in discharge of a secured obligation under 9-505. Transfers in realization refer to transfers by a secured party in foreclosure of a security interest under 9-504. In order for a transfer to be exempt under 6-103(3), there must be evidence of a default by the debtor. For without default, there can be neither a settlement nor a realization.

James J. White & Robert S. Summers, Uniform Commercial Code § 20-2 (3d ed. 1988) (footnotes omitted).

In the few cases that have addressed this issue, a common requirement for exemption by § 6-103(3) is that the transferor must be in default. *See Stone's Pharmacy Inc. v. Pharmacy Accounting Management Inc.*, 812 F.2d 1063 (8th Cir. 1987). *See also Hixson v. Pride of Texas Distrib. Co.*, 683 S.W.2d 173 (Tex. Ct. App. 1985) and *Starman v. John Wolfe, Inc.*, 490 S.W.2d 377 (Mo. Ct. App. 1973). We agree with the reasoning in these cases, and we therefore hold that the transferor in a bulk transfer must be in default before G.S. § 25-6-103(3) will exempt the transfer from the requirements of Article 6.

The trial court's order dismissing plaintiff's claim is

Reversed.

Judges WYNN and MARTIN concur.