■ COMMITTEE OF UNSECURED CREDITORS OF INTERSTATE CIGAR CO., Respondent, v INTERSTATE DISTRIBUTION, INC., et al., Defendants, and CONGRESS FINANCIAL CORPORATION, Appellant. [736 NYS2d 384] —In an action, inter alia, for a judgment declaring a bulk transfer of assets ineffective, the defendant Congress Financial Corporation appeals from a judgment of the Supreme Court, Nassau County (O'Connell, J.), dated June 21, 2000, which, upon an agreed statement of facts, in effect, declared that the Uniform Commercial Code article 6—Bulk Transfers applies to the transaction at issue, and that the bulk transfer at issue was not effective.

Ordered that the judgment is affirmed, with costs.

In the transaction at issue, Interstate Cigar Co. (hereinafter ICC) transferred substantially all of its assets in its health and beauty division to the defendant Interstate Distribution, Inc. (hereinafter IDI). In exchange, IDI agreed, inter alia, to assume certain enumerated liabilities of ICC, including various accounts payable in the sum of $7,383,217, and to execute and deliver a promissory note to ICC in the principal sum of $1,800,000. Further, IDI made a payment of over $18,000,000 to ICC's secured lender, in exchange for the lender's release of its lien against the transferred assets. Congress Financial Corporation (hereinafter Congress) provided the cash financing for the transaction by making the $18,000,000 payment to ICC's lender on IDI's behalf. This was the only cash payment at the closing.

Contrary to the appellant's contentions, the subject transac-

tion is not exempt from the notice requirements of the Uniform Commercial Code article 6. The consideration for the sale of the transferred assets included not only a cash payment of over $18,000,000 to ICC's secured lender in satisfaction of the lender's lien on the transferred assets, but, inter alia, the assumption of various accounts payable in the sum of $7,383,217 and the execution and deliverance of a promissory note to ICC in the principal sum of $1,800,000. As the consideration for the bulk transfer was not used entirely to pay the superior lien, this transaction is not entitled to exemption from the notice requirements of Uniform Commercial Code article 6 (*see, Starman v John Wolfe, Inc.,* 490 SW2d 377 [Mo]). Moreover, the record supports the Supreme Court's determination that ICC was not in default of the debt at the time of the closing of the transaction, another factor courts consider in determining whether a transaction is exempt from the notice requirements (*see,* UCC 6-103 [3]; *Sutton Woodworking Mach. Co. v DKLS, Inc.,* 113 NC App 649, 439 SE2d 806; *Hixson v Pride of Tex. Distrib. Co.,* 683 SW2d 173 [Tex]).

Congress was granted a security interest in the transferred assets upon financing the transaction on behalf of IDI. It later perfected its security interest by filing Uniform Commercial Code financing statements. Accordingly, Congress falls within the Uniform Commercial Code's definition of a purchaser for the purposes of this transaction (*see,* UCC 1-201 [32], [33]). As such, it can be held liable as a purchaser of ICC's assets pursuant to UCC 6-110 (1). The record reveals that Congress was aware of the terms and conditions of the agreement of sale, wherein the parties agreed to waive compliance with the Uniform Commercial Code article 6. Furthermore, Congress took care to ensure that ICC's lender agreed not to assert any claim as an unpaid creditor of ICC based upon the noncompliance with applicable provisions of the Uniform Commercial Code article 6. Accordingly, we conclude that Congress was aware of the noncompliance with the Uniform Commercial Code article 6 and therefore took its security interest in the transferred assets subject to the defect created by the noncompliance (*see,* UCC 6-110).

As the Bankruptcy Court expressly retained jurisdiction to fashion a remedy in connection with this matter (*see, In re Interstate Cigar Co.,* 240 BR 816, 819), we decline to reach Congress's contentions regarding remedies. Ritter, Acting P.J., Goldstein, H. Miller and Townes, JJ., concur. [*See* 184 Misc 2d 774.]